IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LOUIS CAO**                                                                                              **PETITIONER**

**V.**                                                      **CIVIL ACTION NO.  3:16CV63 HTW-LRA**

**WARDEN B. MOSLEY**                                                              **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Louis Cao filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241.  He is currently incarcerated in the custody of the Bureau of Prisons serving a 121-month term of imprisonment, followed by 3 years of post-supervised release, imposed by the United States District Court for the Middle District of Louisiana for the possession of methylene-dioxymethamphetamine.

Cao claims that he is entitled to habeas relief because a disciplinary proceeding violated his constitutional rights resulting in the loss of good-conduct credit.  He specifically alleges that he was denied staff representation and the opportunity to present witnesses in his defense.  Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies, or alternatively on the merits.  Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be dismissed for the reasons that follow.

Inmates seeking to file a petition pursuant to § 2241 exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program ("BOP").  Inmates who begin the administrative grievance process but voluntarily halt the

1

process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)). Exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Fuller*, 11 F.3d at 62. (citations omitted). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion. *See id.*

In general, the BOP establishes a multi-tier administrative remedies process for inmates seeking formal review of issues relating to their confinement. 28 C.F.R. §§ 542.10-542.19. An inmate challenging disciplinary sanctions initiates the administrative remedy process by filing a direct appeal to the BOPs Regional Director within 20 days after receiving the Disciplinary Hearing Officer's (DHO) report. 28 C.F.R. § 542.14(d)(2), 542.15. If dissatisfied with the Regional Director's response, the inmate has 30 days to submit an appeal to the General Counsel's office. 28 C.F.R. § 542.15(a). Upon completing this process, the inmate has exhausted the administrative remedies required for filing a § 2241 petition.

In this case, BOP records indicate that Cao was charged with threatening another with bodily harm. However, the facts which give rise to this charge are in dispute. The reporting staff member's initial report indicates that Cao was pulled aside for exhibiting disruptive behavior during orientation class. When confronted, Cao reportedly became angry, threatened other inmates, and refused to comply with requests to be quiet. But Cao disputes this account. He maintains that he was pulled aside for sleeping in class, and when confronted, the reporting staff member "started yelling at him [and] telling him [that] they were going to take him to the Special Housing Unit (SHU)." He denies making any threats, but acknowledges that he told the reporting officer that he was not afraid of going to the SHU. Both Cao and the charging officer agree that they were alone during the discussion.[1]

A disciplinary hearing was held on November 4, 2013. Although initially charged with three infractions, the DHO report reflects that Cao was only formally charged with threatening another with bodily harm. According to the report, Cao waived his right to a staff representative, but requested three inmates be allowed to testify on his behalf. However, upon learning that no one else was present during Cao's conversation with the reporting staff member, the DHO concluded that the witnesses were irrelevant and denied the request. Cao was found guilty as charged, and sanctioned with a disallowance of 27 days of good conduct credit; 3 months of disciplinary segregation, and a $ 300 fine.

The DHO's finding in this case was rendered on November 12, 2013, making the deadline for appeal not later than December 2, 2013. The record confirms that Cao's appeal

---

[1] ECF Nos. 9-1 — 9-4.

was filed on December 5, 2013. Though it was a couple of days late, it was rejected by the Regional Office on grounds that the document lacked his signature. Cao's next attempt for further appeal came in August 2015. These subsequent appeals were denied because of the initial rejection that was never rectified.

Cao does not deny that his appeal to the Regional Director was untimely. But he maintains that "it took over two years to get to this stage due to the fact that STAFF were refusing to get my Administrative Remedy Paperwork/Forms, etc., to properly file an Administrative Remedy, and STAFF at OAKDALE refused to submit my Administrative Remedies due to their unprofessionalism and the fact that I was not in the wrong." He advises that it was not until he was transferred to another facility that he was able to submit his "Administrative Remedies in a timely fashion." The fact that Cao did file an appeal in 2013 contradicts his position. His conclusory allegations regarding the staff at the facility are insufficient to excuse the exhaustion requirement.

Even if the Court were to find that the administrative remedies were rendered unavailable by Respondent, Cao is not entitled to relief on the merits. As stated, Cao maintains that his due process rights were violated during the disciplinary hearing because his requests for staff representation and witnesses were denied. According to Cao, his witnesses would have disputed the reporting officer's account, and a staff representative was necessary because he is "illiterate, unknowledgeable with the BOP Policies and Procedures, and [has] a tenth grade education level."[2]

---

[2] ECF No. 2, p. 2.

4

Yet, a review of the disciplinary record reflects that Cao received all of the procedural due process to which he was entitled. *Wolff v. McDonnell*, 418 U.S. 539 (1974). He was given (1) advance written notice of the charges at least 24 hours prior to the proceedings, (2) the opportunity to present documentary evidence and call witnesses in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 563-70. Though Cao now claims that he did not waive staff representation, the DHO indicates that he declined to have a staff representative present at the hearing. In any case, the Due Process Clause did not entitle him to staff representation. "An inmate does not have a constitutionally protected right to representation during prison disciplinary hearings." *Arceneaux v. Pearson,* 449 F. App'x. 396, 398 (5th Cir. 2011) (citing *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009)). "Where an illiterate inmate is involved" or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," the United States Supreme Court has held that he "should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff,* 418 U.S. at 570. But here, the "pleadings submitted by [Cao] do not evince illiteracy, and the issues in his disciplinary case were not complex." *McCoy v. Fox*, 587 F. App'x 802, 804 (5th Cir. 2014).

Further, it is well-settled that the "findings of a prison disciplinary hearing should not be disturbed unless they are arbitrary and capricious." *Martinez v. Young*, 653 F. App'x. 835, 836 (5th Cir. 2016). The requirement of due process are satisfied if there is "at least

5

'some basis in fact' or a 'modicum of evidence' to support the disciplinary conviction.'" *Superintendent, Massachusetts Corr. Inst. v. Hill,* 472 U.S. 445, 454–56, (1985)."

In this case, both sides agree. Cao and the charging officer were alone when the alleged threats were made. Thus, "[e]ven if the hearing officer erred in not calling witnesses, it appears that there was no prejudice to [Cao's] rights because the testimony of the other inmates would not have changed the result of the proceeding." *Banuelos v. McFarland*, 41 F.3d 232, 234–35 (5th Cir. 1995). The DHO found that the greater weight of the evidence supported a finding that petitioner committed the prohibited act with which he was charged. This Court may not consider the weight of the evidence or make credibility determinations in reviewing the DHO's decision. *Hill*, 472 U.S. at 455. "[P]rison disciplinary proceedings will be overturned ***only where there is no evidence whatsoever*** to support the decision of the prison officials." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994) (emphasis added). As the record demonstrates that the DHO relied on the reporting officer's statement, there was at least some evidence to support the finding of guilt. The DHO's finding should not be disturbed.

For these reasons, the undersigned recommends that the instant petition be dismissed for failure to exhaust available state remedies, or alternatively on the merits.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation.

The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on June 19, 2018.

                                                     s/ Linda R. Anderson
                                     UNITED STATES MAGISTRATE JUDGE